

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

INELL FOYE
_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

STEVE LUSKA- FIRST ASSISTANT D.A.;

JAMES B. MARTIN- DISTRICT ATTORNEY;

ROBERT SCHOPF- ASSISTANT D.A. (and/or MEMBERS

OF THE DISTRICT ATTORNEY'S OFFICE OF LEHIGH

COUNTY, PENNSYLVANIA.:

MICHAEL BILLERA- ALLENTOWN POLICE DEPARTMENT;

(and/or MEMBERS OF THE ALLENTOWN POLICE DEPT./

DRUG TASK FORCE
_____

_____

**16   1119**

**COMPLAINT**

under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☒ Yes   ☐ No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

I.   **Parties in this complaint:**

A.   List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name   Inell Foye
            ID #   KC-9625
            Current Institution   S.C.I. Coal Township
            Address   1 Kelley Drive, Coal Twonship, Pa. 17866

*Rev. 10/2009*

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name __STEVE LUSKA_____ Shield #_____
Where Currently Employed __DISTRICT ATTORNEY'S OFFICE OF LEHIGH CO.__
Address __455 W. HAMILTON STREET, ALLENTOWN, PA. 18101-1614__

Defendant No. 2    Name __JAMES B. MARTIN_____ Shield #_____
Where Currently Employed __DISTRICT ATTORNEY'S OFFICE OF LEHIGH CO.__
Address __455 W. HAMILTON STREET, ALLENTOWN, PA. 18101-1614__

Defendant No. 3    Name __ROBERT W. SCHOPF_____ Shield #_____
Where Currently Employed __DISTRICT ATTORNEY'S OFFICE OF LEHIGH CO.__
Address __455 W. HAMILTON STREET, ALLENTOWN, PA. 18101-1614__

Defendant No. 4    Name __MICHAEL BILLERA_____ Shield #_____
Where Currently Employed __ALLENTOWN POLICE DEPARTMENT__
Address __425 Hamilton Street, Allentown, PA. 18101-1627__

Defendant No. 5    Name _____ Shield #_____
Where Currently Employed _____
Address _____

II. **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case. Describe how <u>each</u> of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur? __Incarcerated at S.C.I. Coal Township, PA.__

B. Where in the institution did the events giving rise to your claim(s) occur? __N/A- not a claim being made against employee's of S.C.I. Coal Township__

C. What date and approximate time did the events giving rise to your claim(s) occur? __Shortly after Judge Maria L. Dantos' letter addressed to defendant STEVEN LUSKA of D.A.' Office dated 09/29/2015.__

| | |
|---|---|
| **What happened to you?** | D. Facts: On February 9, 2009, the Allentown Police Dept./Drug task force arrested plaintiff at 7th & Linden Sts., Allentown, Pa. after an alleged BUY/BUST operation with the assistance of a first time utilized confidential informant who agreed to set up plaintiff's codefendant Eugene Hawkins. As a result plaintiff was charged with Del. of Controlled Substance and Possession. The Allentown Police Dept./Drug Task Force executed a search warrant at the plaintiff's residence and seized cocaine, paraphernalia |
| **Who did what?** | along with a digital scale, a scanner, $4000.00 and (1) one 32" Sylvania Television. The forfeited cash and property were placed in an account for the unrestricted use of the District Attorney of Lehigh County (defendant's # 1 - 3) to enforce the Controlled Substance, Drug, Device and Cosmetic Act under 1988-79, 42 Pa.C.S.A. § 6801. Plaintiff was convicted 9-16-2010 in the Court of Common Pleas of Lehigh County and sentenced to a term of 9 years, 9 months to 25 years. |
| **Was anyone else involved?** | On October 27, 2010 the District Attorney's Office of Lehigh County filed a **MOTION FOR CONDEMNATION AND FORFEITURE**, filed by Gregory R. Spang, submitted, authorized and approved by defendant James B. Martin case no(s) **2010/4726-MD and 2010/4728-MD**. |
| **Who else saw what happened?** | The forfeiture hearing was held on March 15, 2011. The Court of Common Pleas of Lehigh County granted the MOTION FOR CONDEMNATION AND FORFEITURE at the conclusion of said hearing. Plaintiff filed a pro-se APPEAL on March 31, 2011. On July 20, 2012 the COMMONWEALTH COURT OF PENNSYLVANIA affirmed and reversed in part the portion of ORDER 2010/4726 that forfeited the 32" Sylvania Television (see Exhibit A attached). |

*( D. Facts, cont. page 3- A).

### III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

N/A

### IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that " [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

D. Facts continued:

Due to the defendant's failure of complying with the July 20, 2012 ORDER of the Commonwealth Court, plaintiff filed the first-of-three MOTION FOR RETURN OF PROPERTY 32" INCH SYLVANIA T.V. to the Court of Common Pleas of Lehigh County to the Honorable Judge Maria L. Dantos that was **GRANTED** November 15, 2013. (see **Exhibits' B and C attached**). Plaintiff also provided (2) two addresses that the property could be returned to by U.S. Mail/U.P.S., and also asserted that "if not able to locate property, please compensate the amount of T.V. which was approx. $500.00 dollars.

Due to the defendants' further non-compliance to honor the order to return property which exceeded 90-plus days, plaintiff filed SUCCESSIVE (2nd) MOTION FOR RETURN OF PROPERTY AND MOTION TO COMPEL TO RETUN PROPERTY February 26, 2014 (see **Exhibit D att.**). Again plaintiff provides the address of the mother of his son Brittany Troupe which is **literally '2 blocks'** in proximity to the D.A.'s Office of Lehigh County. Plaintiff also requested the value of property to be paid to no avail. Plaintiff's mother of his son also made attempts to no avail. As a result of the **second** MOTION FOR RETURN OF PROPERTY being filed to Honorable Judge Dantos, Judge Dantos sends a letter directly to defendants' addressed to defendant LUSKA dated March 25, 2014 in regards to the ORDER entered by herself stating, "On November 15, 2013, I entered an ORDER directing the return of claimant's television. I am aware that the television has not been returned and I have received another motion form the Defendant. Would you please look into why this has not occurred?", which is an additional 4 plus months to the previous 90 plus days after the first order (please review **Exhibit E**).
Plaintiff received a correspondence from defendant LUSKA dated 5/12/2014 requesting a name and phone number of someone who can pick up the T.V. and "we will contact them to make arrangements", which is information that plaintiff provided in the previous MOTIONS FOR RETURN OF PROPERTY submitted (see **Exhibit F**). At said correspondence from defendant LUSKA **16 moths elapsed** without plaintiff's property or value of being returned to plaintiff. As a result plaintiff filed a THIRD REQUEST FOR RETURN OF PROPERTY OR VALUE OF 32" SYLVANIA TELEVISION dated June 8, 2015 making the total time that exceeded at the filing of said 'THIRD MOTION' 35 months (see **Exhibit G, 2 pgs.**).

On September 29, 2015, the Honorable Judge Maria Dantos "again" sends a correspondence to the defendant, also sent to plaintiff, which forwarded my letter submitted to Judge Dantos' which states, "I will forward your letter to the Forfeiture Division of the District Attorney's Office and ask that they take care of the matter", (please review **Exhibit F**).

Due to the defendants' failing to comply with the court order and direction of the court, the defendants unlawfully deprived plaintiff of his property in violation of

3- A

his protected rights under the FOURTEENTH AMENDMENT of the United States Constitution because plaintiff's property were never returned and/or compensated, and retained for an unreasonable amount of time. Plaintiff seeks nominal, compensatory, and punitive damages against the defendants in their individual capacity, official capacity and under indemnity.

Plaintiff filed not one, not two, but **three** petitions' for return of his property which the Commonwealth Court reversed the order that ordered the property to be forfeited, which was also subsequently granted by the Court of Common Pleas of Lehigh County. The defendants' in this matter failed to make reasonable attempts to return plaintiff's property or to compensate the value of property after multiple requests. The cations or inactions of the defendants' violated plaintiff's constitutional rights by depriving plaintiff of his property. The defendants' actions under color of state law, which amounts to reckless and callous conduct. Defendants' actions may also be intentional or willful due the many notices served upon the defendants' from Judge Dantos of the Court of Common Pleas, and the plaintiff.

If deemed necessary, plaintiff request a jury trial to determine if the defendants conduct was intentional or reckless, or both.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _XX_ No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).
S.C.I. Coal Township
_____

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?    N/A

Yes ____ No ____ Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claims?
N/A
Yes ____ No ____ Do Not Know ____

If YES, which claim(s)? _____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____ No ____    N/A

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____ No ____    N/A

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?    N/A

1. Which claim(s) in this complaint did you grieve? _____

2. What was the result, if any? _____

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _____
N/A

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here: _____
   NOT A COMPLAINT BEING FILED AGAINST ANY S.C.I. EMPLOYEE'S, N/A

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any: MOTIONS AND OTHER CORRESPONDENCES MAILED TO JUDGE MARIA DANTOS.

   N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _____
   N/A

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). Plaintiff seeks jury trial and/or seeks nominal, compensatory, and punitive damages against the defendants' for the defendants' violating plaintiff's rights under the FOURTEENTH AMENDMENT for the deprivation of the use of or return of his property. The defendants' acted maliciously, reckless or callous with complete disregard and indifference to plaintiff's protected constitutional rights. The defendants' never returned said property and retained plaintiff's property for an unreasonable amount of time. Plaintiff seeks $250,000 in nominal, $250,000 in

compensatory, and $250,000 in punitive damages against each named defendant. Plaintiff seeks review of the specific claims made herein with the possible assistance of an attorney if deemed necessary by this Honorable Court, assistance with investigative efforts to help aid plaintiff, and be allowed to amend complaint herein if necessary.

**VI.    Previous lawsuits:**

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

> On these claims

Yes ____ No _XX_

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____ N/A _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) __N/A__

3. Docket or Index number __N/A__

4. Name of Judge assigned to your case __N/A__

5. Approximate date of filing lawsuit __N/A__

6. Is the case still pending?   Yes ____ No ____

If NO, give the approximate date of disposition __N/A__

7.  What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

    _____N/A_____

On other claims

C.  Have you filed other lawsuits in state or federal court?

    Yes __X__ No ____

D.  If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.  Parties to the previous lawsuit:

    Plaintiff _____Inell Foye_____

    Defendants ____Wexford Health Souces, Inc. et. al._____

    2.  Court (if federal court, name the district; if state court, name the county) __Middle__

    3.  Docket or Index number _____3:14-cv-02478_____

    4.  Name of Judge assigned to your case _____Judge Nealon_____

    5.  Approximate date of filing lawsuit _____02/05/2015_____

    6.  Is the case still pending?   Yes _X_ No ____

        If NO, give the approximate date of disposition _____

    7.  What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

    _____N/A_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this __2RD__ day of __March_____, 20 _16_ .

Signature of Plaintiff ____[signature]____

Inmate Number _____KC-9625_____

Institution Address _____S.C.I. Coal Township_____

_____1 Kelley Drive_____

_____Coal Township, PA. 17866_____

Finally, in his motion for summary relief, Foye claims that the Commonwealth violated his due process rights by failing to comply with the briefing schedule set by the Superior Court before the case was transferred to this court. This claim lacks merit. The Superior Court had no jurisdiction over this matter upon transfer to this court. After the transfer, our court properly entered an order creating a new briefing schedule, with which both parties complied. Therefore, Foye is not entitled to relief on this claim.

Accordingly, we affirm in part and reverse in part Order 4726; affirm Order 4728; and deny Foye's motion for summary relief.

ROCHELLE S. FRIEDMAN, Senior Judge

| July 20, 2012 | Affirmed/Reversed | 07/20/2012 |
|---|---|---|
| | Friedman, Rochelle S. | |
| | Document Name: Opinion (9 pages) | |
| | Comment: We hereby: 1. REVERSE the portion of Order 4726 that forfeited the 32 inch Sylvania TV and AFFIRM the order in all other respects; 2. AFFIRM Order 4728 in its entirety; and 3. deny Inell Foye's motion for summary judgment. | |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.



In the Court of Common Pleas
Lehigh County - Criminal

Com
v.
Inell Foye

Commonwealth Court
# 2262 C.D. 2011
Common Pleas # 673, 674, 678-09

<u>Petition For Return of Property - 32" inch Sylvania TV.</u>

To the Honorable Judge Maria Dantos of the said court,

Now comes Inell Foye, Pro-Se, petitioner in this instant petition For Return of Property - 32" inch Sylvania TV.

1. A hearing was held on March 15, 2012 and forfeiture was ordered.

2. Petitioner filed an appeal to the Commonwealth Court in which the courts REVERSED the portion of Order 4726 that forfeited the 32 inch Sylvania TV, <u>ORDER ATTACHED</u>

3. Petitioner humbly asks that the 32" inch Sylvania TV be returned and sent to:
   ① Janine Foye, 107 Mill St., Apt 3-I, Middletown, Pa. 17057
   or ② Brittany Troupe, 448 W. Walnut St, Apt #2, Allentown, Pa. 18102

However, if not able to locate, please compensate the amount of TV which was approx. $500.00 dollars.

B

# IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

## CRIMINAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| vs. | ) Case No. 4726/2010-MD |
| $4,000.00 in United States Currency, Sylvania 32" Television, Realistic Scanner, 1995 Jeep Cherokee, $2,175.00 in United States Currency | ) |

Interested Party: Inell Foye

*2013 NOV 15 PM 1:42 FILED CLERK OF COURTS LEHIGH COUNTY, PA*

## ORDER

NOW, this 15th day of November, 2013, upon consideration of Defendant's Motion for Return of Property – 32" Sylvania Television,

**IT IS HEREBY ORDERED** that Defendant's Motion for Return of Property – 32" Sylvania Television is granted, and the subject 32" Sylvania Television shall be returned to the Defendant forthwith.

BY THE COURT:

_____
Maria L. Dantos, J.

C

original

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
)
VS. )   Case No. 4725/2014-50
)
$4,000.00 U.S. Currency, )
Sylvania 32" Television, Bullistic )
Scanner, $3,175.00 U.S. Currency )

SUCCESSIVE MOTION FOR RETURN OF PROPERTY
AND MOTION TO COMPEL to RETURN PROPERTY

To the Honorable Judges of the above-said Court,

Now comes, Ineil Foye, Pro-Se, and files this instant SUCCESSIVE MOTION FOR RETURN OF PROPERTY AND MOTION TO COMPEL to RETURN PROPERTY, 32" Sylvania Television, and avers the following in support:

1.) Petitioner avers this is a second attempt to have property returned-32" Sylvania Television, after the Commonwealth has failed to abide and honor the order granted November 14, 2015.

2.) The Honorable Judge Maria Dantos issued the order granting the return of property.

3.) Petitioner asks that proper specific instructions be given to Brittany Troupe, 445 W. Walnut St., Allentown, Pa. 18102, whom I authorize to retrieve the property in question.

4.) Brittany Troupe has made numerous attempts by phone, calling Tara Dayer of the Allentown Police Department, and the Clerk of Courts, leaving messages, but the parties never returned the phone calls.

5.) Petitioner requests, that if the T.V. in question can not be located or returned, **petitioner asks for the value of the 32" Sylvania T.V. be sent to his inmate account, $550.00**, by way of JPAY.COM, inmate # KZ-9625. The T.V. was purchased February 2014.

6.) The order was given to return the petitioner's property but the Commonwealth of Pa. has failed to abide by the order rendered.

Petitioner asks that the requested relief be granted.

(s) _Ineil M Foye_ 2/26/16
Ineil Foye, Pro-Se Petitioner

& copies sent to: Clerk, 455 W. Walnut St., Allentown, Pa. 18102

D



# Commonwealth of Pennsylvania
### 31st Judicial District
### Lehigh County Courthouse
### 455 West Hamilton Street
### Allentown, PA 18101-1614

Maria L. Dantos
Judge

Telephone: (610) 782-3024
Fax: (610) 820-3658

March 25, 2014

Steve Luksa
Lehigh County Office of the District Attorney
455 West Hamilton Street
Allentown, PA 18101

      Commonwealth of PA vs. Inell Foye
      No. 4726/2010-MD

Dear Attorney Luksa:

    On November 15, 2013, I entered an Order directing the return of claimant's television. I am aware that the television has not been returned and I have received another motion from the Defendant. Would you please look into why this has not occurred?

Very truly yours,

Maria L. Dantos,
Judge

CC: Inell Foye



JAMES B. MARTIN
District Attorney



## OFFICE OF THE DISTRICT ATTORNEY
### LEHIGH COUNTY COURTHOUSE

455 WEST HAMILTON STREET
ALLENTOWN, PENNSYLVANIA 18101-1614
PHONE (610) 782-3100   FAX (610) 820-3323

May 12, 2014

INELL FOYE #KC9625
SCI-COAL TOWNSHIP
1 KELLEY DRIVE
COAL TOWNSHIP PA 17866-1022

    RE:    Comm. vs. $4,000.00 in United States currency, Sylvania 32" TV,
              Realistic Scanner, cocaine, packaging material, latex gloves, scale, razor blades
              No. 2010/4726-MD

Dear Mr. Foye:

    I am writing to you regarding the Sylvania 32" TV which was ordered by Judge Dantos to be returned to you. Since you are incarcerated and not able to pick up the TV yourself, please let me know, in writing, the name and phone number of the person you want to pick up the TV and we will contact them to make the arrangements.

                                                  Very truly yours,

                                                  STEVEN M. LUKSA
                                                  First Assistant District Attorney

SML/bmt

cc.  The Honorable Maria L. Dantos

F

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

Commonwealth of Pennsylvania

V.                                                  Case No. 4726/2010-MD

$4,000.00 U.S. Currency,
Sylvania 32" Television, Realistic
Scanner, $2,175.00 U.S. Currency

**THIRD REQUEST** FOR RETURN OF PROPERTY-VALUE OF SYLVANIA 32" TELEVISION

To the Honorable Judge Maria Dantos:
Now comes Inell foye, Petitioner, hereby filing THIRD REQUEST FOR RETURN OF PROPERTY-VALUE OF SYLVANIA 32" Television, and avers the following in support:

1). The COMMONWEALTH COURT OF PENNSYLVANIA ordered/reversed the portion of ORDER 4726 that forfeited the 32" Sylvania T.V. on 07/20/2012.

2). Since the reversal of said order, the petitioner/defendant submitted/filed numerous petitions for return of said property and/or value of T.V. in the amount of $550.00 be deposited into his inmate prison account by check or JPAY.COM #KC-9625, last petition submitted 02/26/2014.

3). Petitioner provided all of the necessary information to return the T.V. to, as well as the option to pay the "cash-value", but to no avail.
Judge Maria Dantos entered the Common Pleas order to return said property on 11/15/2013. Judge Dantos also sent correspondence to **STEVE LUSKA**, Lehigh County District Attorney's Office, making the specific inquiry about the "television has not yet been returned and have received another motion from the Defendant", dated 03/25/2014. Defendant received another correspondence from STEVEN LUSKA, dated 05/12/2014, requesting a "name and phone number of the person you(I) want to pick up the TV and we will contact them to make the arrangements".

4). Petitioner/Defendant complied with this request, but the Commonwealth has failed to return said T.V. in question.

5). As a result, petitioner requests that the value of T.V. in question be



1

deposited into petitioner's/defendant's inmate prison account in the amount of $550.00.

The Commonwealth failed to abide by the Court order rendered on 07/20/2012, which exceeds a period of 35 **months**, approximately 3 years.

Respectfully Submitted,

Inell Foye, Petitioner/Defendant
#KC-9625
1 Kelley Drive
Coal Township, Pa. 17866

CERTIFICATE OF SERVICE

I, Inell Foye, Petitioner/Defendant hereby certify that the enclosed/attached document was served upon the addresses and persons indicated below by way of U.S. Mail:

Honorable Judge Maria Dantos
Judges Chambers
Lehigh County Courthouse
455 W. Hamilton Street
Allentown, PA. 18101-1614

Clerk of Courts-Lehigh County
Lehigh County Courthouse
Criminal and Civil Divisions
455 W. Hamilton Street
Allentown, PA. 18101-1614

D.A.'s Office-Lehigh County
455 W. Hamilton Street
Allentown,PA. 18101-1614

Court Administrator-Lehigh County
455 W. Hamilton
Allentown, PA. 18101-1614

Date: 6/8/2015
/S/:

2

G



# Commonwealth of Pennsylvania
### 31st Judicial District
### Lehigh County Courthouse
### 455 West Hamilton Street
### Allentown, PA 18101-1614

Maria L. Dantos  
Judge

Telephone: (610) 782-3024  
Fax: (610) 820-3658

September 29, 2015

Inell Foye  
ID #KC9625  
SCI Coal Township  
1 Kelley Drive  
Coal Township, PA 17866-1020

    Commonwealth of PA vs. Inell Foye  
    No. 4726/2010

Dear Mr. Foye:

  I will forward your letter to the Forfeiture Division of the District Attorney's office and ask that they take care of the matter.

              With kindest regards,

              Maria L. Dantos,  
              Judge

MLD/jlk

Cc (w/ enc.):  Steven Luksa, Esquire

Rec'd  
10/5/2015

H

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 3rd day of March, 20 16, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _Inell M. Foye_

Inell Foye
#KC-9625
S.C.I. Coal Township
1 Kelley Drive
Coal Township, PA. 17866